


U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed September 02, 2011**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **AMERICAN MART HOTEL CORP.** | § | **Case No. 10-36776-SGJ** |
| **d/b/a COMFORT INN OF DENVER,** | § | |
| | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING
### LENDER'S AMENDED PLAN OF LIQUIDATION (AS MODIFIED)[1]

A.    The Lender's Amended Plan of Liquidation for the Debtor (As Modified) (the

"Plan")[2] having been filed with the Bankruptcy Court by Bank of New York Mellon as successor

to Bank of New York – Global Corporate Trust, as Trustee for the Registered Certificate holders

of Commercial Capital Access One, Inc. Commercial Mortgage Bond, Series 3 ("the Lender"),

acting through its Special Servicer, Berkadia Commercial Mortgage, LLC on April 8, 2011

[Docket          No.          142];          and          the          Bankruptcy          Court

---

[1] To the extent any of the terms of this order conflict with the terms of the Plan, the terms of this Order shall control.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Plan.

having entered, after due notice and a hearing, an order [Docket No. 143] (the "Disclosure Statement Order"), dated April 11, 2011, (i) approving the proposed disclosure statement (the "Disclosure Statement"); (ii) approving the procedures to solicit acceptances of the Plan, and (iii) scheduling a hearing and establishing notice and objection procedures for confirmation of the Plan (the "Confirmation Hearing"); and the Disclosure Statement and Plan having been distributed or made available to holders of Claims against and Equity Interests in the Debtor and other parties in interest as provided in the Disclosure Statement Order; and the hearing to consider confirmation of the Plan having been held before the Bankruptcy Court on August 25, 2011 (the "Confirmation Hearing"); and due notice of the Plan and the Confirmation Hearing having been provided to holders of Claims against and Equity Interests in the Debtor and other parties in interest in accordance with the Disclosure Statement Order, title 11 of the United States Code (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as established by the certificates of service and mailing and such notice being sufficient under the circumstances and no further notice being required; and after full consideration of (i) the testimony and evidence submitted at the Confirmation Hearing (ii) each of the objections to confirmation of the Plan (the "Objections") (iii) all Objections having been withdrawn, resolved, or otherwise overruled or addressed as set forth herein or by separate further order of the Bankruptcy Court; and upon all of the proceedings had before the Bankruptcy Court and upon the arguments of counsel and all of the evidence adduced at the Confirmation Hearing; and the Bankruptcy Court having determined based upon all of the foregoing that the Plan should be confirmed, as reflected by the Bankruptcy Court's rulings made herein and at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefore, the Bankruptcy Court hereby

FINDS, DETERMINES, AND CONCLUDES THAT:

B.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Jurisdiction and Venue**

C.    <u>Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>.  The Bankruptcy Court has jurisdiction over the Debtor's Chapter 11 case pursuant to 28 U.S.C. §1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Bankruptcy Court has jurisdiction to enter a final order with respect thereto.  The Debtor is an eligible debtor under section 109 of the Bankruptcy Code.  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Chapter 11 Case**

D.    <u>Commencement of the Chapter 11 Case</u>.   On August 26, 2010 (the "Commencement Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtor has been operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee has been appointed in the Chapter 11 Case.

E.    <u>Judicial Notice</u>.  The Bankruptcy Court takes judicial notice of (i) as appropriate, Proofs of Claims filed the in Chapter 11 Case, and (ii) the docket of the Chapter 11 Case maintained by the Clerk of the Bankruptcy Court and pleadings reflected therein, including,

without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

**Solicitation and Notice**

F. <u>Solicitation and Notice</u>. On April 11, 2011, the Bankruptcy Court entered the Disclosure Statement Order, which, among other things, approved the Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and established procedures for the solicitation of votes on the Plan. The Disclosure Statement, the Plan, the Ballots (as defined in the Disclosure Statement Order), the notice of the Confirmation Hearing, and the Disclosure Statement Order (collectively, the "Solicitation Materials") were served in compliance with the Bankruptcy Rules and the Disclosure Statement Order as applicable. The service of the Solicitation Materials was adequate and sufficient under the circumstances of the Chapter 11 Case and adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Rules and the Disclosure Statement Order.

G. <u>Voting</u>. Votes on the Plan were solicited after disclosure to holders of Claims against and Equity Interests in the Debtor of "adequate information" as defined in section 1125 of the Bankruptcy Code. As evidenced by the Declaration of Melissa Hayward [Docket #207], votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Rules</u>").

**Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

H.    Burden of Proof.  The Lender, as proponent of the Plan, has met its burden of proving the elements of sections 1129 of the Bankruptcy Code by preponderance of the evidence, which is the applicable evidentiary standard.

I.    Bankruptcy Rule 3016(a).  The Plan is dated and identifies the Lender as the Plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

J.    Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

    i.    Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  As required by section 1123(a)(1), in addition to Administrative Expense Claims, Priority Tax Claims which need not be classified, Article 4 of the Plan designates five (5) Classes (inclusive of sub-Classes) of Claims against and Equity Interests in the Debtor. As required by section 1122(a) of the Bankruptcy Code, the Claims (to the extent treated as a Class) and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such classes do not effect unfair discrimination between holders of Claims and Equity Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

    ii.    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Article 4 of the Plan designate Classes 2, 3, 4, and 5 as impaired and Articles 3.03, 3.04 and

3.05 of the Plan sets forth the treatment of such impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

iii. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. Article 4 of the Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment in respect of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

iv. <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. Article 6 of the Plan and the Plan Supplement [Docket #169] provide for adequate and proper means for implementation of the Plan, including, without limitation, (a) the continued operation and eventual liquidation of the Debtor's assets; and (b) the payment of claims thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

v. <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. Section 1123(a)(6) does not apply to the Reorganized Debtor because such entity is not issuing securities under the Plan.

vi. <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>. The Reorganized Debtor's initial director and officer is set forth in the Disclosure Statement. The selection of such individual is consistent with the interests of creditors and public policy.

K. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

i.      Impairment/Unimpairment of Any Class of Claims or Interests (11 U.S.C. § 1123(b)(1)). Pursuant to the Plan, Classes 2, 3 and 5 are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code. Classes 1 and 4 are unimpaired. Class 2 is impaired and has voted for the Plan.

ii.     Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2)). Article 9 of the Plan and the Plan Supplement provide for the assumption or rejection of certain executory contracts and unexpired leases of the Debtor as of the Effective Date.

iii.    Other Appropriate Provisions (11 U.S.C. § 1123(b)(2)). The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) distributions to holders of Claims and Equity Interests, (b) retention of, and right to enforce, sue on, settle, or compromise (or refuse to do any of the foregoing with respect to) certain claims and causes of action against third parties, to the extent not waived and released under the Plan, (c) resolution of Disputed Claims, (d) allowance of certain Claims; (e) indemnification obligations; (f) releases by Debtor of certain parties; (i) releases by holders of Claims and Equity Interests; and (g) exculpations of certain parties.

L.      Cure of Defaults (11 U.S.C. § 1123(d)). Article 9 of the Plan and the Plan Supplement provide for the satisfaction of default claims associated with each executory contract and unexpired lease to be assumed pursuant to the Plan in accordance with section 365(b)(1) of the Bankruptcy Code. The cure amounts identified in the Plan Supplement represent the amount, if any, that the Debtor's estate proposes to pay in full and complete satisfaction of such default

claims. Any disputed cure amounts will be determined in accordance with the underlying agreements, and applicable bankruptcy and nonbankruptcy law. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

M.  The Lender's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Lender has complied with the applicable provisions of the Bankruptcy Code. Specifically:

(a)  The Lender has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

(b)  The Lender has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices and in soliciting and tabulating the votes on the Plan.

N.  Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Lender proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Lender's good faith is evident from the facts and record of this Chapter 11 Case, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 Case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's estate.

O.  Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtor's estate, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

P.  Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Lender has complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the

person proposed to serve as the initial director and officer of the Reorganized Debtor after confirmation of the Plan has been fully disclosed in the Disclosure Statement, and the appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy.

Q.     No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

R.     Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. Each holder of Impaired Claims and Interests either has accepted the Plan or will receive or retain under the Plan, on account of its Claim or Equity Interest, property of a value, as of the Effective Date, that is greater than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. Based on the testimony and documentary evidence presented at the Confirmation Hearing, the Bankruptcy Court finds that the holders of Claims and Equity Interests in all Classes will receive at least as much under the Plan as they would have under a chapter 7 liquidation. Accordingly, the Plan satisfies the "best interest of creditors" test under section 1129(a)(7) of the Bankruptcy Code.

S.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 2, 3, and 5 are impaired by the Plan. At least two-thirds in amount of the Allowed Claims held by holders in Class 2 that voted, excluding the votes of Insiders, voted to accept the Plan, as established by the Ballot Summary, in accordance with section 1126(d) of the Bankruptcy Code.

T.     Treatment of Administrative Expense Claims, Priority Tax Claims and Other Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Expense Claims and

Other Priority Claims pursuant to Articles 3.1, 3.2 and 4.1 of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

U.      Acceptance By Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).      Creditors holding Claims in Class 2 which are impaired under the Plan, voted to accept the Plan in the percentages required by 11 U.S.C. § 1126.

V.      Feasibility (11 U.S.C. § 1129(a)(11)).      The evidence offered at the Confirmation Hearing is persuasive and credible,  and (ii) establishes that the Plan is feasible and that there is a reasonable prospect of the Reorganized Debtor being able to meet its financial obligations under the Plan and its business in the ordinary course, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

W.      Payment of Fees (11 U.S.C. § 1129(a)(12)).      All fees due and payable pursuant to section 1930 of chapter 123 of title 28, United States Code, as determined by the Bankruptcy Code, have been or will be paid on the Effective Date pursuant to Article 13.1 of the Plan by the Liquidating Trustee, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

X.      No Retiree Benefits (11 U.S.C. § 1129(a)(13)).      The Debtor is not obligated to pay any retiree benefits as that term is defined in the section 114 of Title 11.   Accordingly, section 1129(a)(13) is not applicable in this Chapter 11 case.

Y.      No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).      The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

Z. <u>Debtor Is Not An Individual (11 U.S.C. § 1129(a)(15))</u>. The Debtor is not individual, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

AA. <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>. The Debtor is a moneyed, business, or commercial corporation, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Case.

BB. <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>. Although section 1129(a)(8) of the Bankruptcy Code has not been met with respect to Classes 3 and 5, the Plan is confirmable because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to the treatment of Claims and Equity Interests in such Classes.

CC. <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Plan is the only plan that was considered for confirmation in this Chapter 11 Case, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

DD. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

EE. <u>Not Small Business Case (11 U.S.C. § 1129(e))</u>. This is not a small business case, and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

**Compliance with Section 1125 of the Bankruptcy Code**

FF. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Bankruptcy Court in this Chapter 11 Case, the Lender, its representatives, attorneys, and other professionals, and all other persons who solicited acceptance or rejection of the Plan have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provision of the Bankruptcy Code, the Bankruptcy Rules, and the Local

Rules in connection with such solicitation, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

## Plan Implementation

GG. The terms of the Plan and all other documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan, and all amendments and modifications of any of the foregoing (collectively, the "Plan Documents") that are incorporated by reference, are, except as addressed herein or in any future order of the Bankruptcy Court contemplated by this Confirmation Order, proper in all respects, and constitute an integral part of this Confirmation Order.

HH. Pursuant to section 1142(a) of the Bankruptcy Code, except as addressed herein or in any future order of the Bankruptcy Court contemplated by this Confirmation Order, the terms of this order, the Plan and the Plan Documents will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Liquidating Trustee and its officers, directors, agents, financial advisers, investment bankers, attorneys, employees, equity holders, partners, affiliates, and representatives will be acting in good faith if they proceed to (i) consummate the Plan and the transactions, transfers and documentation contemplated thereby and (ii) take any actions authorized and directed by this Confirmation Order.

## Executory Contracts and Unexpired Leases

II. Sound business judgment has been exercised in determining to assume each of the Debtor's executory contracts and unexpired leases pursuant to Article 9 of the Plan. Each assumption of an executory contract or unexpired lease as provided in Article 9 of the Plan and Plan Supplement shall be legal, valid, and binding upon the Reorganized Debtor and all non-debtor counterparties to such contracts or leases, all to the same extent as if such assumption has

been effectuated pursuant to an appropriate authorizing order of the Bankruptcy Court before the Confirmation Date under section 365 of the Bankruptcy Code.

JJ.    The Plan and Plan Supplement provide for a prompt cure, or provide adequate assurances that the Reorganized Debtor will cure, defaults (if any) under or relating to each of the executory contracts and unexpired leases being assumed under the Plan.

**Other Findings**

KK.    Retention of Jurisdiction.   The Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article 12 of the Plan and section 1142 of the Bankruptcy Code.

LL.    Objections.   All parties have had a full and fair opportunity to litigate all issues raised by objections to confirmation of the Plan, or which might have been raised, and the Objections have been fully and fairly litigated.

**The Plan Satisfies Confirmation Requirements**

MM.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Solicitation and Notice.   Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.   The solicitation of votes on the Plan complied with the solicitation procedures in the Disclosure Statement Order, were appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, and were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

2.     <u>Confirmation</u>.    The Plan, as further modified prior to and after the Confirmation Hearing in the form annexed hereto as <u>Exhibit A</u> and each of its provisions, except as provided in this Confirmation Order or future order of this Bankruptcy Court contemplated by this Confirmation Order, shall be, and hereby is, confirmed under section 1129 of the Bankruptcy Code.  The terms of the Plan Documents are incorporated by reference into and are an integral part of the Plan and this Confirmation Order.

3.     <u>Objections</u>.    All objections, responses, statements, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety prior to the Confirmation Hearing or otherwise resolved on the record of the Confirmation Hearing and/or herein or addressed by this Confirmation Order or any future order of the Bankruptcy Court contemplated by this Confirmation Order are overruled.

4.     <u>Binding Effect</u>.  Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on or after entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind (i) any holder of a Claim against or Equity Interest in the Debtor and their respective successors and assigns, whether or not such Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has filed a proof of claim or accepted the Plan, (ii) any and all non-debtor parties to assumed executory contracts and unexpired leases with any of the Debtor, and (iii) any other party in interest in the Chapter 11 Case, and the respective heirs, executors, administrators, successors, or assigns.

5.     <u>Continued Corporate Existence</u>.  The Reorganized Debtor shall continue to exist after the Effective Date as a separate legal entity, with all the power of a corporation or a

legal entity under applicable law in the jurisdiction in which the Debtor is incorporated or otherwise formed.

6.     Vesting of Assets (11 U.S.C. § 1141(b), (c)).  As set forth in Article 6.11 of the Plan, as of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtor's estate shall vest in the Reorganized Debtor, free and clear of all Claims, liens, encumbrances, charges, and other interests, except as provided in the Plan or in this Confirmation Order.   From and after the Effective Date, the Liquidating Trustee[3] may operate the Reorganized Debtor's  business and use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, but in accordance with the provisions of the Plan and this Order.   The vesting, on the Effective Date, of the property of the Debtor's estate in the Reorganized Debtor does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

7.     Retained Assets.  To the extent that the succession to assets of the Debtor by the Reorganized Debtor pursuant to the Plan are deemed to constitute "transfers" of property, such transfers of property to the Reorganized Debtor (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest the Reorganized Debtor with good title to such property, free and clear of all liens, charges, Claims, encumbrances, or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) do not and shall not subject the Reorganized Debtor to any liability by reason of such transfer

---

[3] Pursuant to this Order the title of the person selected to manage the Reorganized Debtor and liquidate the Debtor's assets is being changed from Liquidating Officer to Liquidating Trustee so that there is no doubt that such person owes fiduciary obligations to the Debtor's estate.  Any and all references to the "Liquidating Officer" in the Plan Documents shall be treated for all purposes as a reference to the "Liquidating Trustee" instead.

under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, by laws affecting successor or transferee liability.

   8. <u>Objections to Claims</u>.

   (a) <u>General</u>.  Objections to all Claims against the Debtor (other than pursuant to section 510 of the Bankruptcy Code) may be interposed and prosecuted <u>only by the Liquidating Trustee (except if a Claim Objection has been filed prior to confirmation, then such party-in-interest who filed the Claim Objection can continue to pursue it, subject to a motion to intervene being filed by the Liquidating Trustee, if he deems appropriate)</u>.  With the exception of Claims held by a governmental unit, if any portion of a Claim is a Disputed Claim, no payment or distribution shall be made on account of such Claim unless and until such Claim becomes an Allowed Claim.  Governmental Units shall receive payment on account of any undisputed portion of their claims pursuant to the Plan.  With respect to the Claim of Lender, the Liquidating Trustee shall have sole standing to object to such Claim. The Liquidating Trustee shall have sixty (60) days from the entry of this Order to object to any portion of the Lender's Claim other than the Lender's claims for principal <u>($2,895,427.35)</u>, interest <u>($246,863.33)</u>, and default interest <u>($176,343.68)</u>, which are deemed allowed in the <u>amount(s) set forth herein</u>. No other portions of the Lender's Claim including, but not limited to, penalties, late charges and other costs, fees and expenses are deemed allowed, and are subject to objection by the Liquidating Trustee as set forth herein.

   (b) <u>Administrative Expense Claims</u>.  The holder of an Administrative Expense Claim, other than (i) a claim covered by Articles 2 and 3 of the Plan, (ii) a liability incurred and payable in the ordinary course of business by a Debtor (and not past due), or (iii) an Administrative Expense Claim that has been Allowed on or before the Effective Date, must file

with the Bankruptcy Court and serve on the Lender, the Liquidating Trustee, and the Office of the United States Trustee, notice of such Administrative Expense Claim on or prior to, unless otherwise ordered by the Bankruptcy Court, thirty (30) days after the Effective Date.  Such notice must include at a minimum (A) the name of the holder of the Claim, (B) the amount of the Claim, and (C) the basis of the Claim.  An Administrative Expense Claim with respect to which notice has been properly filed and served pursuant hereto shall become an Allowed Administrative Expense Claim if no objection is filed within twenty-four (24) days of the date the Motion for Administrative Expense is filed.    If an objection is timely filed, the Administrative Expense Claim shall become an Allowed Administrative Expense Claim only to the extent allowed by Final Order or otherwise resolved pursuant to Article 3.1.2 of the Plan.

(c)     All Other Claims.  Objections to Claims against the Debtor (other than Administrative Expense Claims and Professional Compensation Claims) shall be served and filed on or before the thirty (30) days after the Effective Date.

9.     Unclaimed Distributions.    Any distributions under the Plan that are unclaimed for a period of one year after distribution thereof shall be unclaimed distributions and any entitlement of any holder of any Claim to such distributions shall be extinguished and forever barred. Such unclaimed distributions shall revert to the Reorganized Debtor.

10.     Professional Compensation.    All applications for final allowance of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under sections 327 and 330 of the Bankruptcy Code or applications for allowance of Administrative Expense Claims arising under section 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code (collectively, "Final Fee Applications") shall be due on or before thirty(30) days after the Effective Date (the "Final Fee

Application Deadline"). The Liquidating Trustee is authorized to pay compensation for services rendered or reimbursement of expenses incurred after the Confirmation Date in the ordinary course of business only after the approval of the Bankruptcy Court.

        11.    <u>Assumption of Executory Contracts and Unexpired Leases</u>.

        (a)    <u>General</u>.  Pursuant to the Plan Supplement and Article 9 of the Plan, all executory contracts and unexpired leases that are listed in the Plan Supplement shall be deemed assumed by the Debtor and assigned to the Reorganized Debtor or rejected as of the Effective Date as applicable.  This Confirmation Order shall constitute the approval, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the assumption and assignment of the executory contracts and unexpired leases listed in the Plan Supplement.

        (b)    <u>Cure of Defaults</u>.  The cure amounts identified in the Plan Supplement and any cure amounts agreed to with the contract counterparty prior to entry of this Confirmation Order, represent the final cure amounts (the "<u>Cure Amounts</u>") and the contract counterparties to each such executory contract or unexpired lease are hereby barred and permanently enjoined from asserting against the Debtor's estate or the Reorganized Debtor any defaults which must be cured other than the Cure Amounts.  The Debtor's estate and Reorganized Debtor shall be deemed to have satisfied each element required for assumption under sections 365 and 1123(b)(2) of the Bankruptcy Code upon payment of the Cure Amounts, if any.

        **(c)**    <u>**Assumption of Franchise Agreement**</u>.  Notwithstanding any provision to the contrary in the Plan, any supplement to the Plan, or this Order, the Debtor, as Reorganized Debtor, shall assume the Franchise Agreement pursuant to the following terms: (i) the Cure Cost for such assumption shall be $51,107.00; (ii) the Reorganized Debtor shall

expressly assume any and all obligations for Franchisor's damages arising from any breach of the Franchise Agreement after the Confirmation Date, including any liquidated damages pursuant to Section 10(d) of the Franchise Agreement (collectively, the "Post-Confirmation Damages"), (iii) the Reorganized Debtor shall comply with all of the terms and conditions of the Franchise Agreement; and (iv) the Franchisor expressly retains any and all rights under the Franchise Agreement including any rights relating to the Reorganized Debtor's operations and assignment of the Debtor's rights under the Franchise Agreement. As a condition of the assumption of the Franchise Agreement, the Lender expressly agrees to subordinate the payment of its claims against the Debtor to the payment of any and all Post-Confirmation Damages to the Franchisor. This does not subordinate the Lender's Claim to Class 5 under the Plan.

12. <u>General Authorization</u>. The Liquidating Trustee shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements and to take such other actions as may be necessary to effectuate and further evidence the terms and conditions of the Plan. Notwithstanding any language in the Plan to the contrary, the Liquidating Trustee's authority to operate the Reorganized Debtor, is conditioned as follows:

(a) The Liquidating Trustee must seek approval from the Court to retain any professionals, including but not limited to a property management company and a real estate broker. The applications to employ a property management company and real estate broker are to be filed pursuant to 11 U.S.C. § 328 and such professionals shall not be required to file fee applications after their employment is authorized. The Liquidating Trustee's application to retain a property management and real estate broker shall be filed on ten (10) days negative notice and the Court will only conduct a hearing to the extent an objection is filed within such ten (10) day period.

(b)       The Liquidating Trustee's Application to Retain a real estate broker shall contain a detailed explanation of the marketing effort the real estate broker will employ.

(c)       The six (6) month marketing period (the "Marketing Period") for the Debtor's assets shall not commence until the Bankruptcy Court has entered an order approving the Liquidating Trustee's retention of a real estate broker.

(d)       Every thirty (30) days following the Effective Date and until such time as the Debtor's assets are sold, the Liquidating Trustee shall serve a status report on counsel for the Lender, the Debtor and the Debtor's equity holders detailing (i) the status of the sales process, any offers received to purchase the Debtor's assets; and (iii) any contracts for sale of the Debtor's assets.

(e)       Any fee applications filed by the Liquidating Trustee and any professionals retained by the Liquidating Trustee shall be filed on ten (10) day negative notice and the Court will only conduct a hearing to the extent an objection is filed within such ten (10) day period.

(f)       Any sale of the Debtor's assets must be approved by the Court.   The Liquidating Trustee's motion to sell the Debtor's assets shall be filed on ten (10) days negative notice.   To the extent the Liquidating Trustee files a motion to sell the Debtor's assets and that motion is pending at the end of the Marketing Period, the Liquidating Trustee is not obligated to deed the Debtor's assets to the Lender.   To the extent the Liquidating Trustee does not receive an acceptable bid for the Debtor's assets by end of the Marketing Period, he shall file a notice of no sale with the Court.   The Lender has neither the authority to veto a sale proposed by the Liquidating Trustee nor the right to pre-approve such a sale.

(g)     The Liquidating Trustee is the sole party to whom expressions of interest in the Debtor's assets are to be referred.  The Liquidating Trustee is allowed to consider input from the Debtor, the Debtor's equity holders and the Lender on the management of the Reorganized Debtor's business and the sale of the Debtor's assets.

13.     <u>Director and Officer of Reorganized Debtor</u>.  The initial management of the Reorganized Debtor as disclosed in the Disclosure Statement and Plan is hereby approved. The initial management of the Reorganized Debtor shall be considered to have taken office at a point in time immediately following the Effective Date.

14.     <u>Payment of Statutory Fees</u>.  All fees due and payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court, shall be paid on or before the Effective Date without the need to file any applications with the Bankruptcy Court. The Liquidating Trustee, as applicable, shall continue to pay all fees due and payable pursuant to section 1930 of title 28 of the United States Code until the closing of the Chapter 11 Case.

15.     <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan Documents, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

16.     <u>Discharge of Debtor</u>.  Pursuant to Article 10.1 of the Plan, upon the Effective Date and in consideration of the distributions to be made under the Plan, except as

otherwise expressly provided in the Plan, each holder (as well as any trustee or agent on behalf of any holder) of a Claim and any affiliate of such holder, except as otherwise expressly provided in this Confirmation Order, shall be deemed to have forever waived and discharged the Debtor, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, rights, and liabilities that arose prior to the Effective Date.  As provided in section 524 of the Bankruptcy Code, such discharge shall void any judgment against the Debtor, its estate, or any successor thereto at any time obtained to the extent it relates to a Claim discharged.  With the exception of actions to enforce any rights or obligations under the Plan, upon the Effective Date, all persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any discharged Claim against the Debtor, its estate, or any successor thereto.

17.  **Injunction or Stay**.  **Except as otherwise expressly provided herein or in the Plan, all persons or entities who have held, hold or may hold Claims against or Equity Interests in the Debtor along with their respective present and former employees, agents, officers, directors, principals and affiliates, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against the Debtor, the Reorganized Debtor, its estate, or its property, with respect to such Claim or Equity Interest (other than actions brought to enforce any rights or obligations under the Plan);**

**(i)  commencing or continuing in any manner any action or other proceeding of any kind,**

**(ii)  enforcing, attaching, collecting or recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order,**

(iii)    creating, perfecting, or enforcing, in any manner, directly or indirectly, any

encumbrance of any kind, or

(iv)    asserting any right of setoff, subrogation or recoupment of any kind.

Such injunction shall extend to any successors of the Debtor and the Reorganized

Debtor and their respective properties and interests in properties.

18.    **Exculpation of the Lender.**  Notwithstanding anything herein to the

contrary, as of the Effective Date, the Lender shall neither have nor incur any liability for

any claim, cause of action or other assertion of liability for any act taken or omitted to be

taken since the Petition Date in connection with, or arising out of, the Chapter 11 Case, the

formulation, dissemination, confirmation, consummation, or administration of the Plan,

property to be distributed under the Plan, or any other act or omission in connection with

the Chapter 11 Case, the Plan, the Disclosure Statement or any contract, instrument,

document or other agreement related thereto; provided, however, that the foregoing shall

not affect Lender's liability the Franchisor as provided herein or the liability of any person

that would otherwise result from any such act or omission to the extent such act or

omission is determined by a Final Order to have constituted willful misconduct, gross

negligence, fraud, criminal conduct, intentional unauthorized misuse of confidential

information that causes damages, or *ultra vires* act.

19.    **Mandatory Jurisdiction for Certain Claims Against Lender, the**

**Liquidating Trustee and Their Professionals.**  Exclusive jurisdiction for any claim, cause of

action or other assertion of liability against the Lender, its employees, partners, members,

agents, representatives, accountants, expert witnesses and/or attorneys for any act taken or

omitted to be taken between the Petition Date and the Effective Date in connection with, or

**arising out of the Chapter 11 Case, the formulation, dissemination, confirmation, consummation or administration of the Plan shall lie with the Bankruptcy Court. Exclusive jurisdiction for any claim, cause of action or other assertion of liability against the Liquidating Trustee, his employees, partners, members, agents, representatives, accountants, expert witnesses and/or attorneys for any act taken or omitted to be taken between the Confirmation Date and the date the case is closed in connection with, or arising out of the Chapter 11 Case and any actions taken by the Liquidating Trustee in furtherance of his duties under the Plan and/or this Order shall lie with the Bankruptcy Court.**

20.     <u>Retention of Avoidance Actions</u>.  Pursuant to Article 6.13 of the Plan, from and after the entry of this Confirmation Order, the Debtor's estate shall retain the exclusive right to pursue, prosecute and enforce any and all Avoidance Actions, equitable subordination actions or recovery actions under sections 502(d), 510, 542 through 551, and 553 of the Bankruptcy Code that belonged to the Debtor or Debtor in Possession prior to the Confirmation Date, other than with respect to any cause of action or Avoidance Action released in the Plan, in the Confirmation Order, or in any other Final Order of the Bankruptcy Court.  On the Effective Date, the Debtor's right to pursue, prosecute and enforce the actions listed in the immediately preceding sentence shall transfer to the Reorganized Debtor, which on and after the Effective Date shall have the exclusive right to pursue, prosecute and enforce such actions.

21.     <u>Retention of Causes of Action/Reservation of Rights</u>.

(a)     From and after the Confirmation Date, the Reorganized Debtor shall retain the right to pursue, prosecute and enforce any rights, causes of action or counterclaims that the Debtor has under any provision of the Bankruptcy Code or any applicable

nonbankruptcy law, including, without limitation, (i) any and all claims against any Entity, to the extent such Entity asserts a crossclaim, a counterclaim, and/or a Claim for setoff that seeks affirmative relief against the Debtor, the Reorganized Debtor, their officers, directors, or representatives, (ii) any and all Claims and causes of action for turnover of any property of the Debtor's estate, (iii) any and all Claims and causes of actions that are listed on the Debtor's Schedules, and (iv) any and all Claims and causes of action that are subject to pending litigation in either the Bankruptcy Court or a non-bankruptcy forum. On the Effective Date, the Debtor's right to pursue, prosecute and enforce the actions listed in the immediately preceding sentence shall transfer to the Reorganized Debtor, which on and after the Effective Date shall have the exclusive right to pursue, prosecute and enforce such actions. Nothing contained in the Plan or this Confirmation Order shall be deemed to be a waiver or relinquishment of any rights, causes of action or counterclaims that the Debtor or the Reorganized Debtor may have.

(b)     Nothing contained in the Plan or this Confirmation Order shall be deemed to be a waiver or relinquishment of any claim, cause of action, right of setoff, or other legal or equitable defense that the Debtor had immediately prior to the Petition Date, against or with respect to any Claim.  After the Confirmation Date, the Reorganized Debtor, shall have, retain, reserve, and be entitled to assert all such claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Chapter 11 Case had not been commenced, and all of the Debtor's and the Reorganized Debtor's legal and equitable rights respecting any Claim may be asserted after the Confirmation Date to the same extent as if the Chapter 11 Case had not been commenced.

22.     <u>Modification of the Plan</u>.  After the Confirmation Date and prior to the date on which the Plan is substantially consummated, so long as such action does not materially

and adversely affect the treatment of holders of Claims or Equity Interests under the Plan, the Reorganized Debtor may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan. Such modifications become part of the Plan only if the Court, after notice and a hearing, determines that such modifications are warranted and confirms the Plan. Any holder of a Claim or Interest that has accepted or rejected the Plan is deemed to have accepted or rejected the Plan as modified, unless such holder changes such holder's previous acceptance or rejection within the time period allowed by the Court.

23.     Notice of Entry of Confirmation Order and Occurrence of the Effective Date. On or before the date that is fourteen (14) days after occurrence of the Effective Date, the Lender shall file with the Bankruptcy Court and serve by first class mail, a notice of the entry of this Confirmation Order and occurrence of the Effective Date, in substantially the form annexed hereto as **Exhibit B** (the "Confirmation Notice"), on each of the following at their respective addresses last known to the Debtor: (i) the Office of the United States Trustee for the Northern District of Texas; (ii) all parties on the Master Service List filed with the Bankruptcy Court; (iii) all persons or entities listed in the Debtor's schedules of assets and liabilities, or any amendments thereto, and (iv) any other known holders of Claims against or Equity Interests in the Debtor (collectively, the "Notice Parties"); *provided, however*, that the Confirmation Notice shall not be served upon any person or entity to whom the Debtor has mailed other notices during this Chapter 11 Case that have been returned as undelivered, unless the Debtor has been informed in writing by such person or entity of that person or entity's new address. Such service shall constitute good and sufficient notice pursuant to Bankruptcy Rule 2002(f)(7), 2002(i)-(l)

and 3020(c) of the confirmation of the Plan, the entry of this Confirmation Order and occurrence of the Effective Date.

24.     Conditions to Effective Date.  The Plan shall not become effective unless and until the conditions set forth in Article 11 of the Plan have been satisfied or waived.

25.     Authorization to Consummate Plan.  Notwithstanding Bankruptcy Rule 3020(e), but subject to Article 11 of the Plan, the Bankruptcy Court authorizes the Lender to consummate the Plan upon entry of this Confirmation Order.

26.     Right to Revoke Plan.  The Lender shall have the right to revoke or withdraw the Plan prior to the Effective Date.  If the Lender takes such action, the Plan shall be deemed null and void.  In such event, nothing contained in the Plan shall constitute or be deemed a waiver or release of any Claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

27.     Retention of Jurisdiction.  Upon the Effective Date, the Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article 12 of the Plan and section 1142 of the Bankruptcy Code.  To the extent consistent with the Bankruptcy Code and any prior or future order of the Bankruptcy Court, the Bankruptcy Court may further retain jurisdiction over the matters set forth in Article 12 of the Plan.

28.     Governing Law.  Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit to the Plan or a schedule or document in the Plan Supplement provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without giving effect to the principles of conflict of laws thereof.  Notwithstanding the

above Lender's loan documents will be governed by the law of the state set forth in such documents.

29.     <u>Appeal of the Confirmation Order</u>.  Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of the Bankruptcy Court, or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Liquidating Trustee, prior to the date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

30.     <u>Severability</u>.  Each term and provision of the Plan, as it may have been altered or interpreted by this Bankruptcy Court, is valid and enforceable pursuant to its terms.

31.     <u>Conflicts Between Confirmation Order and Plan</u>.  The failure to specifically include any particular provision of the Plan in this Confirmation Order or any further order of the Bankruptcy Court contemplated by this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan is confirmed in its entirety and incorporated herein by this reference.  The provisions of the Plan Documents, this Confirmation Order, and any further order of the Bankruptcy Court contemplated by this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however*, that if there is any inconsistency

between the provisions of the Plan Documents and this Confirmation Order or any further order of the Bankruptcy Court contemplated by this Confirmation Order, the terms and conditions contained in this Confirmation Order or such further order of the Bankruptcy Court shall govern and shall be deemed a modification to the Plan and shall control and take precedence.

The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of the Bankruptcy Court.

**[ Proposed Exhibits to Proposed Order Doc # _____ ]**

### END OF ORDER ###

Submitted by:

John C. Leininger
Bryan Cave LLP
2200 Ross Ave., Suite 3300
Dallas, Texas 75201

Attorneys for Lender